UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

IN RE U LOCK INC,

    Debtor.

No. 24-1842

---

SHANNI SNYDER,

    Appellant,

v.

CHRISTINE BIROS,

    Appellee.

## REPLY OF APPELLEE, CHRISTINE BIROS, IN SUPPORT OF HER MOTION TO DISMISS APPEAL

Appellee, Christine Biros, reiterates her request that this Court dismiss this appeal for lack of jurisdiction and, in reply to the response in opposition of the Appellant, Shanni Snyder and in further support of her request, states as follows:

### A. The Order Dismissing Withdrawal of the Reference is Not a Final Appealable Order.

1. This Court has been "as explicit as it can be on this point": Orders of district courts denying motions to withdraw the reference are not final orders and are not appealable pursuant to 28 U.S.C. § 1291.

1

*Resolution Trust Corp. v. Pasquariello (In re Pasquariello)*, 16 F.3d 525, 528 (3d Cir. 1994).

2. This Court's Internal Operating Procedures set forth the appropriate treatment of its existing precedent:

> It is the tradition of this court that the holding of a panel in a precedential opinion is binding on subsequent panels. Thus, no subsequent panel overrules the holding in a precedential opinion of a previous panel.

3d Cir. I.O.P. 9.1 (2018).

3. Tellingly, Snyder never cites to either *Pasquariello* or *Allegheny Int'l, Inc. v. Allegheny Ludlum Steel Corp.*, 920 F.2d 1127, 1131 (3d Cir. 1990), the two binding decisions of this Court that mandate dismissal of this appeal. Snyder never attempts to argue that those decisions are wrong or have been superseded by some statutory change or some precedent of the U.S. Supreme Court. *See also In re Pruitt*, 910 F.2d 1160, 1166 (3d Cir. 1990) ("[I]t is interlocutory and unreviewable under § 1291.").

4. Snyder does not point to any precedent of this Court that supersedes those holdings, and Biros is not aware of any.

5. Snyder's effort to distinguish this case from this Court's binding precedent – her assertion that she can take this appeal

because the Bankruptcy Court has now adjudicated the issue on which she sought withdrawal – is a distinction without a difference. While the decision of the Bankruptcy Court is correct in every respect, there is no dispute that Snyder can challenge that decision through the appeal process authorized by statute and described by the Federal Bankruptcy Rules of Procedure. In following that process, Snyder can argue (although wrongly) that the Bankruptcy Court lacked the power to make that decision, she can do so in that appeal. *See, e.g., Stern v. Marshall*, 564 U.S. 462, 471 (2011) (vacating decision of bankruptcy court appealed through district court).

6. In fact, Snyder has actually appealed the decision of the Bankruptcy Court, and that appeal is now pending in the District Court at Case 2:24-cv-00478-NBF.

7. The footnote in the Supreme Court's decision in *Executive Benefits Ins. Agency v. Arkison*, 573 U.S. 25 (2014), to which Snyder repeatedly points has nothing at all to do with the question of whether Snyder takes this appeal from an appealable final order:

> *Granfinanciera*[, *S.A. v. Nordberg*, 492 U.S. 33 (1989)] held that a fraudulent conveyance claim under Title 11 is not a matter of "public right" for purposes of Article III, 492 U.S., at 55, 109 S. Ct. 2782, 106 L. Ed. 2d 26, and that the

3

> defendant to such a claim is entitled to a jury trial under the Seventh Amendment, *id.*, at 64, 109 S. Ct. 2782, 106 L. Ed. 2d 26.

573 U.S. at 30 n.3.

8. Although this Court need not look for guidance to the decisions of other courts because it has its own binding precedent to follow here, the explanation for this rule of non-appealability that the U.S Court of Appeals for the Fifth Circuit offered in *In re Lieb,* 915 F.2d 180, 184 (5th Cir. 1990), makes much more sense than the circular reasoning of *Security Farms v. International Broth. of Teamsters*, 124 F3d 999, 1008 (9th Cir. 1997):

> A district court's decision whether or not to withdraw a proceeding from the bankruptcy court does not end the litigation, but rather involves the selection or designation of the forum in which the merits will be finally determined. Such a decision is analogous to an order granting or refusing transfer of venue from one district court to another or an order granting or refusing referral of a matter to a magistrate. None of these orders is "final" for purposes of 28 U.S.C. § 1291.

*Lieb,* 915 F.2d at 184. Moreover, nothing about this Court's rule prevents Snyder from, in due course, bringing her proffered issue to this Court.

9. Snyder's effort to play semantic games with the District Court's language, seemingly a complaint that the District Court

4

"dismissed" her motion rather than "denying" it, is of no moment. Regardless of how phrased, that order did nothing more than determine the forum that would, in the first instance, address the merits of Snyder's claim and Biros's objections to it. That order did not itself determine, even tentatively, those merits. All of Snyder's issues can be addressed on the appeal from the Bankruptcy Court to the District Court. The reasoning of *Pasquariello* and *Allegheny Int'l* holds here, and this Court should dismiss Snyder's appeal.

### B. Snyder's Claim of a Right to Jury Trial on Biros's Claim Objections Is Wrong.

10.  While the immediate issue for this Court is whether this Court may consider Snyder's appeal, it is worth noting that Snyder is wrong on the merits.

11.  The Supreme Court has consistently held that a person filing a claim in a bankruptcy case has consented to the bankruptcy court's making all determinations necessary to addressing the validity of that claim. "[S]he who invokes the aid of the bankruptcy court by offering a proof of claim and demanding its allowance must abide the consequences of that procedure." *Katchen v. Landy*, 382 U.S. 323, 333 n.9 (1966) (quoting *Gardner v. New Jersey*, 329 U.S. 565, 573 (1947)).

12. The Court has hewn to this rule in its later decisions concerning the limitations that Article III of the U.S. Constitution places on the powers of the bankruptcy courts. *See Stern*, 564 U.S. at 495-97 (distinguishing *Katchen* and reversing bankruptcy court adjudication of counterclaim because, on facts before it, "there was never any reason to believe that the process of adjudicating Pierce's proof of claim would necessarily resolve Vickie's counterclaim"); *Langenkamp v. Culp*, 498 U.S. 42, 44 (1990) ("[B]y filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power."); *Granfinanciera*, 492 U.S. at 59 n.14 ("As *Katchen* makes clear, however, by submitting a claim against the bankruptcy estate, creditors subject themselves to the court's equitable power to disallow those claims, even though the debtor's opposing counterclaims are legal in nature and the Seventh Amendment would have entitled creditors to a jury trial had they not tendered claims against the estate.").

13. Here, of course, the proceedings in the Bankruptcy Court concerned the claim that Snyder had voluntarily submitted against the

6

property of the debtor's estate. The Bankruptcy Court had all the power it needed to determine the validity of that claim.

14. This Court has echoed the Supreme Court in recognizing this distinction. *See, e.g., Pasquiarello*. 16 F.3d at 529 (describing *Granfinanciera* as "articulat[ing] a three-part test for determining when a person ***who had not submitted claims against a bankruptcy estate*** was entitled to a jury trial under the Seventh Amendment" (emphasis added)).

15. Accordingly, even if this Court could address Snyder's appeal on the merits, Snyder would not be entitled to the relief she claims to seek.

WHEREFORE and for the reasons set forth in her motion, Biros respectfully requests that this Court grant that motion and dismiss this appeal.

|  |  |
|---|---|
| | Respectfully submitted, |
| | BERNSTEIN-BURKLEY, P.C. |
| Dated: June 14, 2024 | By: */s/ Stuart C. Gaul, Jr.* <br> Stuart C. Gaul, Jr., Esquire <br> PA ID #74529 <br> 601 Grant Street, 9th Floor <br> Pittsburgh, PA 15219 <br> Telephone: 412-456-8100 <br> Facsimile:  412-456-8135 <br> Email: sgaul@bernsteinlaw.com |
| | *Counsel for Appellee,* <br> *Christine Biros* |

## CERTIFICATION OF COMPLIANCE

This reply complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(C) because it contains no more than 2,600 words, excluding the parts of the reply exempted by Fed. R. App. P. 32(f). This reply contains a total of 1,217 words. This reply also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This reply has been prepared in 14-point Century, a proportionally spaced typeface, using Microsoft Word. The reply complies with Third Circuit Local Appellate Rule 31.1(c). The text of the electronic reply is identical to the text of any paper copies filed with the court. The electronic reply was subject to a virus scan and no virus was detected.

*/s/ Stuart C. Gaul, Jr.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing Reply in Support of Motion of Appellee, Christine Biros, to Dismiss Appeal was served this 14th day of June 2024, upon all counsel and parties of record via this Court's CM/ECF system.

*/s/ Stuart C. Gaul, Jr.*